UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-60359-CIV-COHN/SNOW

STEVEN ARMSTRONG, an individual,

Plaintiff,

vs.

THE CADLE COMPANY, an Ohio corporation, as general partner of DAN Joint Venture III, L.P., an Ohio limited partnership,

Defendants.
_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION TO VACATE FINAL JUDGMENT PURSUANT TO RULE 60(b)(3) BASED UPON PERJURY OF PLAINTIFF**

THIS CAUSE is before the Court upon Defendant's Motion to Vacate Final Judgment Pursuant to Rule 60(b)(3) Based Upon Perjury of Plaintiff [DE 44]. The Court has carefully considered the Motion, Plaintiff's Response [DE 47] and Defendant's Reply [DE 49], and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff filed this action on March 10, 2005 alleging that Defendant violated 15 U.S.C. § 1692, *et seq*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559, the Florida Consumer Collection Practices Act ("FCCPA") while attempting to collect on a loan issued to Plaintiff. A trial was held on January 3-4, 2006 and the jury returned a verdict in favor of Plaintiff for $2,750, which included statutory damages of $1,000 for violation of the FDCPA and $1,000 for violation of the FCCPA, and $750 in emotional distress damages. On January 4, 2006, this Court entered final judgment in

favor of Plaintiff in the amount of $2,750 plus interest [DE 31]. Thereafter, Plaintiff filed a Motion for Attorney's Fees and Costs [DE 32] pursuant to 15 U.S.C. § 1692k(a)(3). Defendant did not file a response. On March 2, 2006, the Court awarded Plaintiff attorney's fees and costs in the amount of $26,012.57 plus interest [DEs 35, 36].

On March 7, 2006, Defendant filed a motion seeking an extension of time in which to file its Motion to Vacate Final Judgment Pursuant to Rule 60(b)(3), or in the Alternative, Motion for New Trial Pursuant to Rule 59(a) Based Upon Perjury of Plaintiff. Defendant attached a copy of its proposed Motion [DE 38, Exh. A]. Alternatively, Defendant requested an enlargement of time to file its Notice of Appeal. The Motion alleged that Defendant attempted to timely file a Rule 59 Motion, but that it was not received by the Court because Defendant had problems with the Court's electronic filing system. Since the Rule 59 Motion was never received, the time for filing a Notice of Appeal was not tolled. Fed. R. App. P. 4(a)(4)(A). The Court denied the motion [DE 41]. Specifically, the Court found that Federal Rule of Civil Procedure 6(b) does not allow the court to grant an extension of time in which to file a motion pursuant to Rule 59(a), but that the time for filing a motion pursuant to Rule 60(b) had not expired. The Court instructed Defendant to file its Rule 60(b) Motion under separate cover if it desired the Court to consider its contents. The Court also denied Defendant's request for an enlargement of time to file its notice of appeal. The Court determined that Defendant failed to establish excusable neglect because by Administrative Order, the United States District Court for the Southern District of Florida places the burden on the filer to ensure that all documents are properly entered and received into the Court's electronic filing system. Defendant has now filed its Motion to Vacate the Final Judgment Pursuant to

Rule 60(b)(3) alleging that Plaintiff committed perjury while testifying in the instant matter which severely prejudiced Defendant.

## II. FEDERAL RULE OF CIVIL PROCEDURE 60(B) STANDARD

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b) (emphasis added). To succeed on a motion filed pursuant to Rule 60(b)(3), the moving party must "'establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 156-57 (5th Cir. 2004) (quoting Montgomery v. Hall, 592 F.2d 278, 278-79 (5th Cir. 1979)). Misconduct may be established by proving that the opposing party willfully committed perjury. Id.

## III. TIMELINESS OF MOTION

### A. Communications Between Defendant's Counsel and Court Reporter

The Court must first determine whether the instant Motion was filed within a reasonable time after the entry of final judgment. Defendant alleges that it waited eight months from the entry of final judgment to file the Motion because it had problems promptly obtaining the trial transcript. Plaintiff alleges that the Motion should be denied as untimely because Defendant's lack of due diligence caused the delay in obtaining the transcript. Although the Court does not condone the negligent actions of Defendant's

counsel discussed below, it will nevertheless address the Motion on its merits because the delayed filing did not unduly prejudice Plaintiff.

Defendant filed the instant Motion to Vacate Final Judgment Pursuant to Rule 60(b)(3) on September 22, 2006, over eight months after the entry of final judgment. Defendant states that the delay in filing relates to a problem with receiving the trial transcript from Anita LaRocca, Official Court Reporter to the undersigned. The following details the communications between Defendant's counsel, Dale Golden, and Ms. LaRocca.[1]

Less than one week after the Court's entry of final judgment, La Fawn Leek, Mr. Golden's assistant, contacted Ms. LaRocca and left a voicemail message requesting a trial transcript. In responding to Ms. Leek's call, Ms. LaRocca left a message which stated that all transcript requests must be made in writing via a letter from an attorney, and that upon receipt of the letter, Ms. LaRocca would advise counsel of the cost of the transcript and begin processing the request once payment was made. Upon receiving this message, Mr. Golden sent a letter to Ms. LaRocca dated January 12, 2006 to formally request the transcript. The letter asked that Ms. LaRocca call upon receipt of the letter with an estimate of how long it would take to complete the transcript. Ms. LaRocca responded on January 27, 2006 with a letter indicating that the estimated cost of the transcript was $825.00. The letter instructed Mr. Golden to remit payment in that

---

[1] The information contained herein regarding the communications between Defendant's counsel and Ms. LaRocca was outlined in Plaintiff's Response and Defendant's Reply [DE 47, Exh. A; DE 49]. The parties do not dispute the dates or contents of the communications between Mr. Golden and his assistants, and Ms. LaRocca. Plaintiff's counsel obtained information regarding the communications via conversations with Ms. LaRocca.

amount. The letter also stated that Ms. LaRocca would begin preparing the transcript once payment was received and estimated completion approximately four to six weeks from that date. Mr. Golden contends that he never received the January 27 letter. Further, as Ms. LaRocca responded in writing, she did not call as requested in the January 12 letter. Regardless, Mr. Golden did not follow-up with Ms. LaRocca until May 2006.

On May 12, 2006, four months after sending the initial request, Mr. Golden's paralegal sent Ms. LaRocca a generic letter requesting the transcript. The letter did not reference the previous request. When Ms. LaRocca received the letter, she called Mr. Golden's office and informed his assistant that all requests must be signed by an attorney, not an assistant or paralegal. Thereafter, on May 25, 2006, an identical letter was sent requesting the transcript signed by one of Mr. Golden's law partners. On June 7, 2006, Ms. LaRocca responded with a letter similar to the January 27 letter. The letter again provided an estimate of $825.00 and approximated completing the transcript within four weeks from the date payment was received. A check was sent on June 26, 2006 and was received by Ms. LaRocca on July 11, 2006.[2] Mr. Golden received the transcript on September 18, 2006 and filed the instant Motion four days later.

**B. Analysis**

A motion for relief pursuant to Rule 60 must be made within a reasonable time, and in any event, not more than one year after the entry of judgment. Fed. R. Civ. P.

---

[2] As stated in her June 7 letter, Ms. LaRocca was on annual leave from June 16 to July 10, 2006. Therefore, the payment sent on June 26 was not recorded by Ms. LaRocca until July 11.

60(b). Thus, the instant Motion is not timely merely because it was filed less than one year after the entry of judgment. White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). Rather, the Court must evaluate the facts in this case to determine whether the filing of Defendant's Motion in September 2006 was reasonable. Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976).[3] "The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and they consider whether the moving party had some good reason for his failure to take appropriate action sooner." Id.

In determining whether a Rule 60(b) motion was filed within a reasonable time after the entry of judgment, courts routinely look to whether the movant acted with due diligence. For example, in situations where the movant claims that it did not receive notice of the final judgment, courts look to whether the party attempted to obtain a copy of the final judgment including whether the movant periodically contacted the court to inquire as to the status of the case. L.Z. v. Parrish, 733 F.2d 585 (8th Cir. 1984) (motion not timely filed where plaintiff's counsel waited 77 days after order deciding adverse judgment to contact clerk regarding receipt of final judgment); Rodgers v. Watt, 722 F.2d 456 (9th Cir. 1983) (en banc) (Rule 60(b) relief proper where counsel diligently checked docket sheet that was inadvertently out of sequence); Jones v. Estelle, 693 F.2d 547 (5th Cir. 1982) (per curiam) (no showing of reasonable diligence where movant failed to

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

inquire on status of case for over 13 months); Buckeye Cellulose Corp. v. Braggs Elec. Constr. Co., 569 F.2d 1036, 1036 (8th Cir. 1978) ("Rule 60(b) relief was appropriate because none of the parties knew of the entry of judgment, none relied upon it, and Buckeye's counsel had acted diligently in attempting to discover the status of the case"); Kramer v. Am. Postal Workers Union, AFL-CIO, 566 F.2d 929 (9th Cir. 1977) (per curiam) (Rule 60(b) motion denied where counsel waited three months to inquire about entry of judgment after proposed order was submitted to court for approval); Fid. & Deposit Co. v. USAFORM Hail Pool, Inc., 523 F.2d 744 (5th Cir. 1975) (motion timely filed where counsel relied on express assurance from court that inquiry as to status of final judgment unnecessary). Courts also evaluate whether the proffered reason for the delay is justified. See Dominguez v. United States, 583 F.2d 615 (2d Cir. 1978) (per curiam) (filing Rule 60 motion 10 months after dismissal unreasonable even though counsel's offices moved and files were unaccessible where counsel had three months after dismissal and before move to file motion); DiVito v. Fid. & Deposit Co., 361 F.2d 936, 939 (7th Cir. 1966) ("Defendant has offered no convincing explanation of its four and one-half month delay, after discovery of what it now asserts to be significant evidence of fraud, before filing its motion"); Del Fuoco v. Wells, Case No. 8:03-CV-161-T-23TGW, 2007 WL 42960, at *6 (M.D. Fla. Jan. 4, 2007) ("The plaintiff has failed to provide any reason at all, much less a good reason, why the information contained in the documents was not presented sooner than it was."); Nat'l Org. for Women, Inc. v. Scheidler, Case No. 86 C 7888, 2001 WL 301143, at *5 (N.D. Ill. Mar. 28, 2001) (delay of seven months between learning of basis for Rule 60(b)(3) motion and filing unreasonable where no proffered explanation provided).

In this case, Mr. Golden failed to act diligently to obtain a transcript. He chose not to contact Ms. LaRocca nor to bring any concerns with obtaining the transcript to the Court's attention in a timely manner. Mr. Golden knew to expect an estimate once Ms. LaRocca received a written transcript request. Ms. LaRocca specifically explained her procedure for collecting advanced payment to Ms. Leek in the initial phone message. Assuming that Mr. Golden did not, as he states, receive Ms. LaRocca's January 27 letter, Mr. Golden had a duty to contact Ms. LaRocca to inquire as to the status of his transcript request. He does not provide evidence of any mitigating circumstances which prevented him from contacting Ms. LaRocca before waiting four months to submit a subsequent transcript request. Regardless, he chose to wait until May 2006, five months after the entry of final judgment and four months after mailing his initial request, to make reasonable efforts to obtain a copy of the trial transcript.

It is clear that it was Mr. Golden's negligence which caused the delay in obtaining the transcript. The Court does not condone Mr. Golden's failure to act with due diligence in protecting his client's interests.[4] Nevertheless, the Motion was filed only four days after the transcript was received and it is reasonable to assume that Defendant needed the transcript to support the allegations of perjury set forth in its Motion. As such, Defendant's proffered reason for the delay in filing the Motion is justified.

In addition, the Court does not find that the prejudice suffered by Plaintiff as a

[4] A review of the history of this case indicates that this is not the first instance where Mr. Golden's negligence has been at issue. As noted in this Order, Mr. Golden also failed to timely file a Rule 59 Motion or a Notice of Appeal because he had problems with the Court's electronic filing system and failed to confirm that the Rule 59 Motion was properly received by the Court.

result of the delay warrants denying Defendant's Motion as untimely. Plaintiff only contends that he was prejudiced by the eight month delay because he began collection proceedings. Plaintiff's counsel expended three hours of time locating the assets of Defendant, applied for and obtained judgment certificates and registered the final judgment with the United States District Court for the Northern District of Ohio. These actions required minimal time and expense from Plaintiff and his counsel. Further, Defendant attached a proposed Rule 59 or alternatively Rule 60 motion to its Motion for Extension of Time filed in March 2006. The instant Motion raises the identical issues alleged in the proposed motion and was primarily edited to support the contentions with direct citations to the transcript. Therefore, Plaintiff had notice of the allegations and was aware that Defendant could file a Rule 60 motion within a reasonable time. Nonetheless, Plaintiff began efforts to execute the Final Judgment in this matter shortly after this Court entered its Order Denying Motion for Enlargement of Time. Two and one-half of the three hours expended by Plaintiff's counsel in executing the judgment were recorded on April 11, 2006, only eight days after this Court denied Defendant's Motion for Extension of Time. Clearly, if Defendant had filed the Rule 60 Motion at that time, the timing of the filing would have been reasonable under Rule 60. However, Plaintiff did not believe that expending his counsel's hours at that time was frivolous.

The time for filing the instant Motion was not unreasonable in light of Defendant's proffered reason for delay. Further, the prejudice Plaintiff suffered because Defendant waited eight months since the entry of final judgment before filing the Rule 60 Motion is *de minimus* in relation to Defendant's right to bring the allegations of perjury to the Court's attention. The Court will therefore evaluate the merits of Defendant's Motion.

## IV. MERITS OF RULE 60(b)(3) MOTION

Defendant seeks relief pursuant to Rule 60(b)(3) arguing that Plaintiff's testimony during the January 3-4, 2006 trial before the undersigned directly contradicted statements made by Plaintiff in his deposition and answers to interrogatories in related state court cases. Defendant contends that it was severely prejudiced by this alleged perjury. Plaintiff argues that the testimony was generally consistent with the information previously provided and that any inconsistencies were immaterial, due to faulty memory and could have been clarified during cross-examination. The Court finds that Defendant has failed to meet its burden of establishing by clear and convincing evidence that Plaintiff engaged in fraud or other misconduct which prevented Defendant from fully and fairly presenting its case. As such, Defendant's Motion shall be denied.

The theory of Plaintiff's case in this action was that Defendant violated the FDCPA and FCCPA by attempting to collect a time-barred debt from Plaintiff. Plaintiff argued that Defendant purchased the debt from the original creditor in 1999 and then intentionally waited until late 2004, when Defendant determined that Plaintiff's credit had improved, to collect on the debt. During trial, Plaintiff testified that he was first contacted by Defendant in December 2004 and that he had, to that point, not made any payments in satisfaction of his obligation. Defendant contends that this testimony directly contradicted the deposition testimony and answers to interrogatories provided by Plaintiff in two related state court actions brought by Defendant against Plaintiff to collect the debt, Case No. COCE-04-16750 in County Court, Seventeenth Judicial Circuit in and for Broward County, Florida and Case No. CVF-05-00521 in Painesville Municipal Court, Lake County, Ohio. It is undisputed that the deposition testimony and answers to

interrogatories were within Defendant's possession or readily ascertainable at the time of trial in this case.

"Under Rule 60(b)(3), the movant must demonstrate that the adverse party engaged in fraud or other misconduct that prevented the movant from fully and fairly presenting its case." First Nat'l Life Ins. Co. v. Cal. Pac. Life Ins. Co., 876 F.2d 877, 882-83 (11th Cir. 1989) (citing Harre v. A.H. Robins Co., 750 F.2d 1501, 1503 (11th Cir. 1985)). Defendant relies on Harre for the proposition that it was not required to expose the alleged perjury during cross-examination. 750 F.2d 1501, vacated on other grounds by 866 F.2d 1303 (11th Cir. 1989). Defendant's reliance on Harre is misplaced as the facts of Harre are readily distinguishable from the facts currently before this Court.

Harre is a medical malpractice action in which a married couple sued a drug manufacturer alleging that the wife became sterile after receiving an injection of a drug manufactured by the defendant. Id. at 1502. In laying the foundation concerning the expertise of one of the defendant's experts, the expert testified that he lead various studies involving the drug at issue in the case. Id. at 1502-03. During a deposition in a subsequent proceeding, however, that same expert testified that he never observed the experiments in question and that his knowledge was based solely upon conversations with the scientists who conducted the experiments and a brief review of the laboratory books. Id. The district court denied the plaintiffs' Rule 60(b)(3) motion finding that plaintiffs' counsel failed to uncover the inconsistency during cross-examination. Id. at 1505. The Eleventh Circuit reversed. The court found that the plaintiffs' attorney did not have a duty to discover the perjury on cross-examination. Id. Specifically, the court noted that the plaintiffs had not received discovery regarding the studies. Id.

Additionally, as it was logical to believe that the expert would testify consistent with his testimony on direct examination regarding his connection to the studies, there was no tactical reason for plaintiffs' counsel to emphasize the qualifications of the expert on cross-examination. Id.

Contrary to the facts in Harre, Defendant in this matter had a full and fair opportunity to present its case. A party cannot successfully bring a Rule 60(b)(3) motion where the "pursuit of the truth was [not] hampered by anything except [the movant's] own reluctance to undertake an assiduous investigation." Gov't Fin. Servs. One Ltd. v. Peyton Place, Inc., 62 F.3d 767, 773 (5th Cir. 1995); see also Town House Dep't Stores, Inc. v. Ahn, Case No. CVA01-018, 2003 WL 881004, at *15 (Guam Terr. Mar. 7, 2003) (affirmed denial of Rule 60(b) motion where alleged fraud was within defendant's possession or readily ascertainable before trial and thus could have been brought out during cross-examination). Defendant was fully aware of Plaintiff's answers to interrogatories and deposition testimony in the related state court cases prior to trial. As such, Defendant knew that the answers provided during direct examination were inconsistent with the previous information. A challenge to Plaintiff's credibility on important issues in the case may have provided Defendant with an advantage in the matter. Defendant's counsel nevertheless affirmatively elected not to attack Plaintiff's credibility nor to allow Plaintiff an opportunity to explain the inconsistency. Defendant's counsel asked certain questions to clarify when the initial contact occurred, but never referenced the inconsistent information in the other proceedings. Defendant has thus failed to establish that the alleged perjury denied it a full and fair opportunity to try its case. Unlike Harre, any inconsistencies in this matter could have been addressed

during cross-examination.

Defendant has also failed to establish by clear and convincing evidence that the inconsistencies were actually attempts to engage in fraud or misconduct. As stated by Plaintiff, a review of Plaintiff's deposition transcript in its entirety indicates that the alleged inconsistencies may have been nothing more than a result of nervousness or faulty memory. Even during Plaintiff's deposition, he provided different answers when asked the year in which he first spoke to the Cadle Company. This leads the Court to believe that Plaintiff did not intentionally defraud the Court when testifying about his contact with Defendant. Therefore, Defendant has failed to meet its burden to succeed on the instant Rule 60(b)(3) motion.

## V. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Vacate Final Judgment Pursuant to Rule 60(b)(3) Based Upon Perjury of Plaintiff [DE 44] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of January, 2007.

JAMES I. COHN
United States District Judge

Copies Furnished:
All counsel of record